IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| KERRY KUSTES, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No: _____<br>) |
| UNION PACIFIC RAILROAD COMPANY, | )<br>)<br>) JURY TRIAL DEMANDED |
| SERVE:<br>   CT Corporation System<br>   2222 Grand Avenue<br>   Des Moines, IA 50312 | )<br>)<br>) CLERK TO ISSUE SUMMONS<br>)<br>) |
| and | )<br>) |
| SCENIC STAGE LINE d/b/a<br>RC SMITH TRANSPORTATION, | )<br>)<br>) |
| SERVE:<br>   William A. Burch<br>   Registered Agent<br>   409 N. Cherry Street<br>   Morrison, IL 61270 | )<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| CRAIG YEISLEY | )<br>) |
| SERVE:<br>   3430 Matsell Lane<br>   Central City, IA 52214 | )<br>)<br>)<br>) |
| Defendants. | ) |

## **COMPLAINT**

COMES NOW Plaintiff, Kerry Kustes, by and through his attorneys, and for his cause of action against the Defendants, Union Pacific Railroad Company, Scenic Stage Line, and Craig Yeisley, states:

## FACTS COMMON TO ALL COUNTS

1. Defendant Union Pacific Railroad Company is now and was at all times hereinafter mentioned a railroad corporation duly organized and existing according to law to engage in, and was engaged in, business as a common carrier in interstate commerce between the several states of the United States.

2. At all times hereinafter mentioned, Plaintiff and Defendant Union Pacific Railroad Company, were employed and engaged in interstate commerce and by reason thereof their mutual and respective rights and liabilities were governed by a certain Act of Congress, known as the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60. That this action is properly venued in this Court under the FELA and that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, Federal Question Jurisdiction.

3. Plaintiff Kerry Kustes is a resident of the Southern District of Iowa, Davenport Division pursuant to 28 U.S.C. § 95(b)(5) as he resides in the City of Clinton, County of Clinton, State of Iowa.

4. At all times relevant herein, including the present, Defendant Union Pacific Railroad Company has operated trains, owned tracks and yards and other property in the counties of the State of Iowa comprising the Southern District of Iowa.

5. Defendant Scenic Stage Line is and was at all times relevant a corporation with an agent for service of process in Morrison, Illinois and engaged in the business of transporting railroad

workers in the counties of the State of Iowa comprising the Southern District of Iowa for and on behalf of Defendant Union Pacific Railroad Company, a common carrier by rail engaged in interstate commerce as more fully set forth above. Defendants, Scenic Stage Line and Union Pacific Railroad Company, had an agreement, either express or implied, for the transportation of the railroad workers while in interstate commerce and Defendant Scenic Stage Line was in fact performing pursuant to said agreement at the time of the incident more fully set forth herein. This court has jurisdiction over the claims against Scenic Stage Line pursuant to 28 U.S.C. § 1367(a) as the claims are so related that they form part of the same case or controversy.

6. Defendant Craig Yeisley is and was at all times relevant an individual residing in Central City, Iowa. This court has jurisdiction over the claims against Craig Yeisley pursuant to 28 U.S.C. § 1367(a), as the claims are so related that they form part of the same case or controversy.

### COUNT I

### (Federal Employers' Liability Act)

COMES NOW Plaintiff, Kerry Kustes, by and through his attorneys, and for Count I of his cause of action against Defendant Union Pacific Railroad Company, states:

7. Plaintiff hereby re-alleges by reference Paragraphs 1 through 6 of his Complaint as if stated fully herein.

8. On or about December 8, 2005, the area between Clinton, Iowa and Cedar Rapids, Iowa was blanketed with severe winter weather conditions.

9. Despite being on notice of the severe winter weather, Defendant Union Pacific Railroad Company sent a crew including the Plaintiff to be shipped in a van from Clinton, Iowa to Cedar Rapids, Iowa to pick up a train and bring back to Clinton, Iowa.

10. On or about December 8, 2005, while employed for the Defendant Union Pacific Railroad Company, Plaintiff had been a passenger in a Scenic Stage Line van owned and/or operated by Defendant Scenic Stage Line, whose services had been contracted for by the Defendant Union Pacific Railroad Company, its agents, servants, or employees.

11. Plaintiff was injured when the van owned or operated by Defendant Scenic Stage Line operated his vehicle on slippery winter weather conditions and the van was violently struck in the rear by a motor vehicle operated by Defendant Yeisley.

12. Plaintiff states that his injuries and damages were due in whole or in part as a result of the negligent acts or omissions of the Defendant Union Pacific Railroad Company, in one or more of the following respects:

   a. Defendant failed to provide Plaintiff with reasonably safe conditions for work; or

   b. Defendant failed to provide Plaintiff with a reasonably safe place to work; or

   c. Defendant failed to provide Plaintiff with reasonably safe transportation; or

   d. Defendant, its agent or servant negligently and carelessly failed to maintain a careful lookout; or

   e. Defendant, its agent or servant was traveling at an excessive rate of speed; or

   f. Defendant negligently and carelessly failed to train its agent or servant; or

   g. Defendant negligently and carelessly failed to warn its agent or servant of unsafe traveling conditions; or

   h. Defendant, its agent or servant negligently and carelessly operated its vehicle in an unsafe manner; or

   i. Defendant, its agent or servant negligently and carelessly operated its vehicle in unsafe traveling conditions; or

   j. Defendant, its agent or servant negligently and carelessly transported Plaintiff in severe weather conditions.

13. As a result of the aforementioned conduct of the defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff suffered injuries to his head, neck, back and the discs, blood vessels, ligaments and adjacent structures; Plaintiff has suffered stress, depression, distress and anxiety as a result of his injuries; Plaintiff was caused to undergo medical treatment, x-rays, painful tests, and surgery. Plaintiff has lost the wages of his employment and will in the future lose further such wages; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and will in the future be caused to expend further such sums. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage in a sum to be determined.

WHEREFORE, Plaintiff, Kerry Kustes, prays Judgment in Count I against Defendant Union Pacific Railroad Company, for a sum fair and reasonable under the circumstances in excess of One Million Dollars ($1,000,000.00) together with his costs herein expended.

## Count II

### Personal Injury - Negligence

COMES NOW Plaintiff, Kerry Kustes, by and through his attorneys, and for Count II of his cause of action against Defendant Scenic Stage Line, states:

14. Plaintiff hereby re-alleges by reference Paragraphs 1 through 13 of his Complaint as if stated fully herein.

15. On or about December 8, 2005, the area between Clinton, Iowa and Cedar Rapids, Iowa was blanketed with severe winter weather conditions.

16. Despite being on notice of the severe winter weather, Defendant Scenic Stage Line transported Plaintiff from Clinton, Iowa to Cedar Rapids, Iowa.

17. Plaintiff was a passenger in a Scenic Stage Line van owned and/or operated by Defendant Scenic Stage Line that was traveling northbound on Highway 13.

18. The van operated by Defendant Scenic Stage Line was traveling at an excessive rate of speed and/or too fast for the weather conditions and applied the van's brakes abruptly to make a left hand turn.

19. A motor vehicle operated by Defendant Yeisley rear-ended the van carrying Plaintiff.

20. Plaintiff states that his injuries and damages were due in whole or in part as the result of the negligent acts or omissions of Defendant Scenic Stage Line, in one or more of the following respects:

    a. Defendant, its agent or servant failed to provide Plaintiff with reasonably safe transportation;

    b. Defendant, its agent or servant negligently and carelessly failed to maintain a careful lookout;

6

c.       Defendant, its agent or servant was traveling at an excessive rate of speed, or

d.       Defendant, its agent or servant negligently and carelessly failed to train its agent or servant; or

e.       Defendant, its agent or servant negligently and carelessly failed to warn its agent or servant of unsafe traveling conditions; or

f.       Defendant, its agent or servant negligently and carelessly operated its vehicle in an unsafe manner; or

g.       Defendant, its agent or servant negligently and carelessly operated its vehicle in unsafe traveling conditions; or

h.       Defendant, its agent or servant negligently and carelessly transported Plaintiff in severe weather conditions.

21.      As a result of the aforementioned conduct of the defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff suffered injuries to his head, neck, back and the discs, blood vessels, ligaments and adjacent structures; Plaintiff has suffered stress, depression, distress and anxiety as a result of his injuries; Plaintiff was caused to undergo medical treatment, x-rays, painful tests, and surgery. Plaintiff has lost the wages of his employment and will in the future lose further such wages; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and will in the future be caused to expend further such sums. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage in a sum to be determined.

WHEREFORE, Plaintiff, Kerry Kustes, prays Judgment in Count II against the defendant, Scenic Stage Line, for a sum fair and reasonable under the circumstances in excess of One Million Dollars ($1,000,000.00) together with his costs herein expended.

### Count III

### Personal Injury - Negligence

COMES NOW Plaintiff, Kerry Kustes, by and through his attorneys, and for Count III of his cause of action against Defendant Craig Yeisley, states:

22. Plaintiff hereby re-alleges by reference Paragraphs 1 through 21 of his Complaint as if stated fully herein.

23. On or about December 8, 2005, Plaintiff was a passenger in a Scenic Stage Line van owned and/or operated by Defendant Scenic Stage Line that was traveling northbound on Highway 13.

24. A motor vehicle operated by Defendant Yeisley rear-ended the van carrying Plaintiff.

25. Plaintiff states that his injuries and damages were due in whole or in part as the result of the negligent acts or omissions of Defendant Yeisley in one or more of the following respects:

    a. Defendant Yeisley negligently and carelessly failed to maintain a careful lookout;

    b. Defendant Yeisley was traveling at an excessive rate of speed, or

    c. Defendant Yeisley negligently and carelessly operated his vehicle in an unsafe manner; or

    d. Defendant Yeisley negligently and carelessly operated his vehicle in unsafe traveling conditions.

26. As a result of the aforementioned conduct of the defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff suffered injuries to his head, neck, back and the discs, blood vessels, ligaments and adjacent structures; Plaintiff has suffered stress, depression, distress and anxiety as a result of his injuries; Plaintiff was caused to undergo medical treatment, x-rays, painful tests, and surgery. Plaintiff has lost the wages of his

employment and will in the future lose further such wages; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and will in the future be caused to expend further such sums. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage in a sum to be determined.

WHEREFORE, Plaintiff, Kerry Kustes, prays Judgment in Count III against Defendant Yeisley for a sum fair and reasonable under the circumstances in excess of One Million Dollars ($1,000,000.00) together with his costs herein expended.

BUSH, MOTTO, CREEN,
KOURY & HALLIGAN, P.L.C

_____
Michael K. Bush
5505 Victoria Avenue, Suite 100
Davenport, Iowa 52807
(563) 344-4900
(563) 344-8961 (fax)

and

HOLLAND, GROVES, SCHNELLER
& STOLZE, L.L.C.

_____
Eric D. Holland
Ryan M. Furniss
300 North Tucker, Suite 801
St. Louis, Missouri 63101
(314) 241-8111
(314) 241-5554 (fax)
eholland@allfela.com
rfurniss@allfela.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on November 21, 2006

☑ U.S. Mail           ☐ FAX
☑ Hand Delivered     ☐ Overnight Courier
☑ Certified Mail     ☐ Other:

9